**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**PATRICK GILDEA,**
    Plaintiff,

v.

**MASON VANCE**
    Defendant.

## COMPLAINT AND JURY DEMAND
_____

    Plaintiff, Patrick Gildea, pursuant to Fed.R.Civ.P. 8, for a Complaint and Jury Demand, against Defendant, Mason Vance, asserts and alleges as follows:

### I.    JURISDICTION AND VENUE

    1.    Patrick Gildea (hereinafter "Mr. Gildea"), age 58, is a Florida resident, was a Florida resident on or about June 19, 2016, and intends to remain a Florida resident for the foreseeable future.

    2.    Defendant Mason Vance ("Mr. Vance") based on the State of Colorado Accident Report is a Colorado resident, was a Colorado resident on or about June 19, 2016, and intends to remain a Colorado resident for the foreseeable future.

    3.    The tortious acts committed by Mr. Vance occurred within the State of Colorado.

    4.    The amount in controversy between the Florida Plaintiff and Colorado Defendant involves more than $75,000, exclusive of interest and costs.

5.      This Court has personal and subject matter jurisdiction pursuant to 28 U.S.C. §1332 (a) because the Florida Plaintiff is a diverse citizen from Colorado, a state where the defendant resides with the matter in controversy exceeding $75,000.

## II.    GENERAL ALLEGATIONS

6.      The Plaintiff incorporates all previous allegations as if set forth in full.

7.      On or about June 19, 2016, at approximately 2:05 p.m. at 474 Main Street in Minturn, Colorado, Mr. Vance drove his maroon 1992 Nissan Pathfinder into the back of Mr. Gildea's black Harley-Davidson motorcycle.

8.      Eagle County Sherriff G. Wright attributed defendant Vance's failure to slow down and colliding into the rear of Mr. Gildea's motorcycle as the cause for this collision.



9.      In driving his Nissan Pathfinder, defendant Vance was to drive safely to avoid colliding with others on the roadway.

10.     Mr. Vance, at that time and location, owed Mr. Gildea, and the motoring public, a duty to drive in a reasonably safe manner to avoid colliding with other vehicles by driving too closely and injuring another human being.

11.     Mr. Vance, at that time and location, owed an obligation to others on the roadway not to needlessly endanger any of them.

12. In driving his Nissan Pathfinder, defendant Vance owed Mr. Gildea and others on the roadway an obligation to obey all existing traffic laws to avoid endangering anyone else.

13. At that time and location, Mr. Vance owed Mr. Gildea and the motoring public a duty to keep a proper lookout for other traffic to avoid colliding with another vehicle and injuring a human being.

14. By driving his Nissan Pathfinder on the roadway on June 19, 2016, defendant Vance intended for others on the roadway, including Mr. Gildea, to rely on Mr. Vance to drive safely with due regard for other traffic and not collide with their vehicles.

15. Weather played no role in the decision by Vance to ignore traffic laws and collide with the back of the Harley-Davidson based on Officer Wright determining the crash occurred in the daylight in clear weather conditions on a clear and dry roadway.

16. Paramedics reported that Mr. Gildea had hip pain and swelling.

17. Emergency Room physicians at Vail Valley Medical Center diagnosed Mr. Gildea with a sacral contusion, left lower lumbar paraspinal contusion, caused by the car vs. motorcycle collision.

18. The crash caused Mr. Gildea multiple injuries, damages, and losses (collectively, "Injuries").

19. Crash injuries caused Mr. Gildea to pursue medical care necessitated by the collision.

20. The decision by defendant Vance to disobey traffic safety laws by following too closely and driving into the rear of Mr. Gildea's motorcycle caused injury to Mr. Gildea

where his physicians administered thoracic as well as lumbar medial branch facet joint injections.

21.     The decision by defendant Vance to disobey traffic safety laws by driving into the rear of Mr. Gildea's motorcycle caused injury to Mr. Gildea where his physicians administered lumbar radiofrequency ablations as shown here:



22.     The crash necessitated he incur medical care and treatment and incur expenses so far totaling $61,457.65 (shown below) but expected to increase as he requires future medical care recommended by his physician:

| MEDICAL PROVIDER | AMOUNT BILLED |
|---|---|
| The Steadman Clinic | $ 16,080.00 |
| Advance Ortopedics- Fort Pierce | $ 752.00 |
| Vail valley Medical Center | $ 2,051.47 |
| Vail Valley Surgery Center | $ 2,820.18 |
| Florida Pain Institute | $ 39,754.00 |
| Total | $ 61,457.65 |

## FIRST CLAIM FOR RELIEF
### (Negligence)

23. Plaintiff incorporates all previous allegations as if set forth in full.

24. The defendant deviated from normal traffic behavior by following the Gildea Harley Davidson motorcycle too closely and collided with the Gildea motorcycle.

25. The defendant was negligent in the operation of his Nissan Pathfinder by driving his car into the rear of the Gildea Harley Davidson motorcycle, necessitating Mr. Gildea to obtain medical care and billing that approximate $61,000.00, and causing him non-economic losses in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se*)

26. Plaintiff incorporates all previous allegations as if set forth in full.

27. Defendant Vance's conduct violated C.R.S. § 42-4-1402 by, among other things, following too closely behind and colliding into the rear of Mr. Gildea's motorcycle and driving carelessly without regard for other traffic.

28. By not maintaining a proper distance from vehicles in order to avoid crashing into other motorists and injuring them the Defendant breached his common law duty of due care and was negligent *per se*.

29. Vance's negligence and negligence *per se* caused the Plaintiff to require

or need future or further medical care for the foreseeable future.

30. The Plaintiff has suffered from continuing or recurring pain since the June 19, 2016, collision, and based on medical advice, is likely to experience recurring pain from this crash for the rest of his life.

31. As a direct and reasonably foreseeable result of the negligence *per se* of Defendant Vance, Mr. Gildea has suffered and will continue to suffer Injuries for economic damages, non-economic damages, physical impairment and disfigurement.

**WHEREFORE,** Plaintiff, Patrick Gildea, prays for judgment on his behalf for economic damages for past and future medical expenses, for physical impairment, scarring and disfigurement, for non-economic damages for the pain, worry, fear, embarrassment, loss of time, inconvenience, and loss of enjoyment of life caused by this collision, for costs, statutory interest, expert witness fees, filing fees, and any other relief or remedy authorized by law.

Respectfully submitted this 10th day of June 2019.

**JURY TRIAL DEMANDED**

A duly signed original is on file at
THE KAUDY LAW FIRM, L.L.C.

By: */s/ Cajardo R. Lindsey*
Cajardo R. Lindsey, #33672
THE KAUDY LAW FIRM, LLC
333 W. Hampden Avenue, Suite 850
Englewood, CO 80110
Telephone: (303) 623-1885
Fax: (303) 623-1825
Email: rkaudy@kaudylaw.com
ATTORNEYS FOR PLAINTIFF

       A duly signed original is on file at
THE KAUDY LAW FIRM, L.L.C.

By:    /s/ *Richard M. Kaudy*
        Richard M. Kaudy, #12345
        THE KAUDY LAW FIRM, LLC
        333 W. Hampden Avenue, Suite 850
        Englewood, CO 80110
        Telephone: (303) 623-1885
        Fax: (303) 623-1825
        Email: rkaudy@kaudylaw.com
        ATTORNEYS FOR PLAINTIFF